FILED
2017 May-24 PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROGER WILLIAM WATTS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:16-CV-707-VEH |
| ) | |
| **BRUNSON, ROBINSON &** ) | |
| **HUFFSTUTLER, ATTORNEYS,** ) | |
| **P.A., and STEVE P. BRUNSON,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| **WINSOUTH CREDIT UNION,** ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| **ROGER WILLIAM WATTS,** ) | |
| ) | |
| Counter Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

## I.  Introduction and Procedural History

On May 2, 2016, Plaintiffs Roger William Watts ("Mr. Watts") and Roger William Watts, Jr.[1] initiated this action against Defendants Winsouth Credit Union ("Winsouth"); Brunson, Robinson & Huffstutler, Attorneys, P.A.; and Steve P.

---

[1] Roger William Watts, Jr. was struck from the pleadings for lack of standing and terminated as a party plaintiff by the Court on October 28, 2016. (Doc. 32).

Brunson ("Mr. Brunson") (together with Brunson, Robinson & Huffstutler, Attorneys, P.A., "Defendants"). On October 25, 2016, Plaintiff filed an amended complaint in which he withdrew his claims against Winsouth. (Doc. 29). Those claims were accordingly dismissed without prejudice by the Court on October 28, 2016. (Doc. 31).

On February 7, 2017, Brunson, Robinson & Huffstutler, Attorneys, P.A. filed (1) a Motion To Compel Mr. Watts to provide initial disclosures and responses to requests for production (doc. 40) and (2) a Motion to establish facts for the purposes of this litigation. (doc. 41). That same day, the Court ordered Mr. Watts to show cause as follows:

> Mr. Watts is hereby **ORDERED** to **SHOW CAUSE** no later than **February 28, 2017**, why he should not be compelled to provide the aforementioned initial disclosures and respond to the aforementioned requests for production. Mr. Watts is also hereby **ORDERED** to **SHOW CAUSE** no later than **February 28, 2017**, why the Court should not grant the (doc. 41) Motion To Establish Facts for the purpose of this litigation.
>
> Mr. Watts is hereby **PUT ON NOTICE** that if he fails to respond to this Order by that date, his claims against Brunson, Robinson & Huffstutler, Attorneys, P.A., may be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

(Doc. 42 at 1-2). On March 1, 2017, Mr. Watts filed a Motion for Extension of Time, and the Court granted him an extension to respond until March 31, 2017.

(Docs. 44, 45). On March 30, 2017, Mr. Watts filed a second Motion for Extension of Time. (Doc. 46). The Court granted the extension but also specified that no further extension of this deadline would be granted. (Doc. 47).

On April 28, 2017, Mr. Watts filed a document titled "Responses and Objections To Propounding Party's Requests for Admission," which responded to Defendants' Requests for Admission but did not address or respond to the **long-outstanding** requests for initial disclosures and responses to requests for production. (Doc. 48).

On May 2, 2017, Brunson, Robinson & Huffstutler, Attorneys, P.A. filed a supplement to the Motion To Compel, stating that "[m]ovant does **not** seek dismissal of the plaintiff's claims without prejudice. Plaintiff is a *pro se* litigant, and a dismissal without prejudice will simply give him the opportunity to file a third frivolous lawsuit against Steve P. Brunson and Brunson, Robinson & Huffstutler, Attorneys, P.A. . . . [o]ne way or another, the plaintiff's claims need to be litigated to a final order." (Doc. 50 at 2). The supplemental filing urged the Court to either (1) dismiss Mr. Watts's claims against Steve P. Brunson and the law firm of Brunson, Robinson, & Huffstutler, Attorneys, P.A. with prejudice or (2) prohibit Mr. Watts from offering "any documents or other tangible evidence in opposition to movant's upcoming motion for summary judgment that should have

already been produced with the plaintiff's initial disclosures and/or in response to movant's request for production." (Doc. 50 at 2-3).

On May 4, 2017, the Court granted in part the Motion To Establish Facts. (Doc. 52). The Court also granted the Motion To Compel and ordered Mr. Watts as follows:

> Mr. Watts is hereby **ORDERED** to respond <u>fully</u> to Movant's requests for Initial Disclosures and Requests for Production within **fourteen (14)** days of the date of this Order. The time for objections has now expired, so any objection filed by Mr. Watts to these requests will be **STRICKEN** from the record. The Court previously warned Mr. Watts that a failure to comply with its Orders would result in the dismissal of his claims for failure to prosecute. (Doc. 42 at 2). Mr. Watts is hereby **PUT ON NOTICE** that a failure to respond **fully** to Movant's requests for Initial Disclosures and Requests for Production within **fourteen** days will result in the dismissal of his claims against Brunson, Robinson & Huffstutler, Attorneys, P.A. <u>and</u> Steve P. Brunson **WITH PREJUDICE**.

(Doc. 52 at 3).

The deadline for Mr. Watts to respond to Defendants' Requests for Initial Disclosures and Requests for Production passed on May 18, 2017, without any filing from Mr. Watts. Four days later, on May 22, 2017, Mr. Watts filed a response that still failed to <u>fully</u> comply with <u>all</u> of Defendants' discovery requests, despite the Court's explicit warning that a failure to do so would result in the dismissal of his claims with prejudice. (Doc. 53). In fact, Mr. Watts's response is identical to his earlier and inadequate filing (doc. 48), in which he responded to

4

the requests for admission but did not address the long-outstanding requests for initial disclosures and responses to requests for production.

That same day, Defendants filed a reply, notifying this Court that, as of May 22, 2017, they have not received any initial disclosures or responses to requests for production from Mr. Watts. (Doc. 54). For the reasons explained below, Mr. Watts's claims against Defendants are due to be dismissed with prejudice.

## II. Analysis

As the foregoing procedural history reveals, Mr. Watts has neither complied with his discovery obligations as previously compelled by this Court nor provided any explanation for his non-compliance. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Additionally, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Id.*

Further, case law reinforces that, as a result of Mr. Watts's pattern of non-compliance with his discovery obligations and related orders as well as the absence of indication on the record he still wishes to pursue his claims against Defendants (*e.g.*, such as by providing initial disclosures and responses to requests

for production by the Court's show cause deadline of May 18, 2017), the Court possesses the inherent power to dismiss his suit *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure [sic] prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis

added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the Court's order compelling Mr. Watts to provide his long-overdue initial disclosures and responses for requests for production, he was expressly put on notice that the Court would consider dismissing his claims with prejudice if he failed to timely and adequately comply. Nevertheless, Mr. Watts has evidently ignored the warnings he was given.

Guided by the foregoing legal framework and in light of this lawsuit's procedural record, the Court concludes that granting Defendants' request and dismissing Mr. Watts's claims against Defendants "with prejudice" (rather than "without prejudice") is the appropriate measure to take. No lesser sanction reasonably promises an acceptable turnaround in Mr. Watts's prosecution of this case. Mr. Watts has engaged in a neglectful pattern of non-compliance with his discovery obligations, despite multiple extensions of time, as well as a flagrant disregard of multiple orders compelling compliance and directing him to show cause why his lawsuit should not be dismissed. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) (Even though a *pro se* litigant is generally afforded greater latitude than a represented party, "[w]hen the record clearly demonstrates that a [*pro se*] plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a

7

district judge has the authority to deny that plaintiff further access to the court to pursue the case."). A "with prejudice" dismissal is consistent with the Court's prior warning about the consequences in the event Mr. Watts did not timely and adequately cure his discovery deficiencies as unambiguously ordered.

### III. Conclusion

Therefore, Mr. Watts's claims against Brunson, Robinson, & Huffstutler, Attorneys, P.A., and Steve P. Brunson are hereby **DISMISSED WITH PREJUDICE**. The only remaining claims in this action are those that Winsouth has made in its Counterclaim (Doc. 6).

**DONE** and **ORDERED** this the 24th day of May, 2017.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge